JOURNAL ENTRY AND OPINION.
{¶ 1} Appellant Sheryl Walker appeals from her convictions on four[1] counts of uttering checks that her codefendant-husband, Louis Walker, forged against the bank account of his father. Her sole assignment of error complains that the judgment of conviction is against the manifest weight of the evidence. We find that the court did not lose its way when resolving credibility issues among the witnesses, so we affirm the convictions.
 {¶ 2} When addressing a claim that a judgment of conviction is against the manifest weight of the evidence, we review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and ultimately determine "whether in resolving conflicts in the evidence, the [factfinder] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Thompkins, 78 Ohio St.3d 380, 387,1997-Ohio-52. We undertake this review being mindful that "[t]he discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Id.
 {¶ 3} The state's evidence showed that Louis Walker forged checks in his father's name and made them payable to appellant. Appellant indorsed the checks under her name and cashed them. *Page 3 
 {¶ 4} Appellant and Walker had a tempestuous relationship. At trial, Walker stated that appellant had five times filed for divorce against him, but had withdrawn all of the complaints. At the time the offenses at issue arose, appellant had filed for divorce, but she and Walker were still getting together. Walker stated that he had been staying with his father, and appellant would surreptitiously visit. When the two "ran out of dope money," appellant, having seen the father's checkbook, suggested that Walker write a check. Walker refused and appellant angrily left the house, later accusing Walker of loving his father more than he loved her.
 {¶ 5} Two days later, Walker began writing checks. He testified that "I would just write her checks in front of her." Appellant stipulated that she indorsed the checks and cashed them at a nearby bank. On some days, appellant would tell him the amount to fill in. He claimed that the forging and appellant's uttering of the checks occurred during a one-month period. The two used the money for drugs.
 {¶ 6} When the father's bank told him that his account had been emptied, he went home and told his son. Walker confessed to his father and later pleaded guilty to fourth degree felony counts of theft and aggravated theft. The father testified and stated that he did not give Louis Walker permission to use the checks and that "it would be a cold day in hell" before he gave appellant permission to write on the front of any of his checks.
 {¶ 7} Appellant testified and acknowledged that she cashed the checks. She claimed that Walker told her that his sister had given him money that he deposited in *Page 4 
the father's checking account. She denied knowing that the checks had been forged with the father's signature, saying that she thought the checks were signed by the father. When asked why she had not recognized Walker's handwriting on the checks, she claimed that in six years of marriage she had never seen Walker write his name in cursive.
 {¶ 8} We have no basis for concluding that the court so lost its way that the judgment of conviction should be reversed. The court rationally evaluated the credibility of the witnesses, noting that witnesses for both the state and the defense had serious credibility issues. The court knew that Louis Walker had a prior conviction for fraud, and thus stated that it could not base a conviction solely on his testimony because he was not entirely credible. The court also found appellant lacked credibility when she stated that she could not identify her own husband's handwriting after six years of marriage.
 {¶ 9} Appellant misguidedly urges us to ignore Walker's testimony in toto, claiming that the court did so. In actuality, the court said that it could not base a conviction solely on Walker's testimony. It went on to state, however, that there were points of commonality in the testimony with appellant's testimony and that of the father that made Walker's statements credible. For example, appellant agreed with Walker's testimony that she came over late at night, after the father had gone to bed. She agreed that she and Walker's father had been at odds for the duration of her marriage. Finally, she agreed that at least twice she and Walker used drugs *Page 5 
together in the time they spent at the father's house. Hence the court rationally concluded that "[i]n fact, some of the things that [Walker] testified to were clearly accurate, were not disagreed to by Sheryl Walker when she testified, too, or even some of the other witnesses or some of the physical exhibits."
 {¶ 10} In the end, appellant admitted not getting along with the father, sneaking into the father's house late at night to meet with Walker and occasionally do drugs, and accepting checks that were signed in the father's name, even though she knew of his animosity toward her. The court had every reason to find appellant's testimony unconvincing and conclude that she knowingly uttered the forged checks. Accordingly, we cannot find that the court's judgment of conviction is against the manifest weight of the evidence.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 6 
JAMES J. SWEENEY, P.J., and MARY J. BOYLE, J., CONCUR
[1] Appellant's assignment of error erroneously references a fifth count, count 7 of the indictment, which relates to forgery. The court granted a Crim. R. 29(A) motion for judgment of acquittal on that count, so it is not at issue in this appeal. *Page 1